### DRAKE *v.* DELLIKER, Ex'r.

*(Circuit Court, D. New Jersey. August 1, 1885.)*

EQUITY PLEADING—PARTIES—DEMURRER.

   In a suit in equity which is, in effect, an application to the court to compel the executor of an executor to pay over to complainant a share of the estate bequeathed to one of the testator's children, to which complainant alleges he has succeeded by operation of law, by virtue of certain attachment proceedings to enforce satisfaction of a debt due him, the defendant has a right to demand that such child be made a party defendant, and a bill that fails to do so will be held defective for want of proper parties, on demurrer.

On Bill, etc.

*Chauncey H. Beasley,* for complainant.

*Wm. H. Morrow,* for defendant.

NIXON, J. To the bill of complaint originally filed in the court of chancery of the state of New Jersey the defendant put in a general demurrer, and then removed the case into this court. The case was duly set down for argument, and several grounds are urged by the counsel for the defendant why the demurrer should be sustained. The demurrer admits the facts set forth in the bill, and these are substantially as follows:

About March 1, 1877, one Abraham Egbert, of the county of Warren and state of New Jersey, made and executed his last will and testament, according to the laws of the state, which, *inter alia,* contained the following clauses:

"*Item.* I also devise and bequeath to my two daughters, aforesaid, all the income of my real estate, wherever the same may be situate, for the term of five years after my decease, and in case my real estate be sold before the expiration of five years after my decease, then I do order the proceeds of the sales of the same to be kept at interest, and the interest to be paid to my two

daughters, aforesaid, until the expiration of the five years, aforesaid; and if either of my daughters should die, leaving no heirs, before the expiration of the five years after my decease, then it is my will that all the bequests hereinbefore shall go to the survivor.

"*Item.* I do order and direct my executor, hereinbefore named, to sell all the real estate at any time he may think best for the interest of my estate, either at public or private sale, within seven years after my decease, and at the expiration of the five years, or as soon as can be after that time, to divide the proceeds of the sale of said real estate equally between all my children,—the children of Lucy Shoemaker receiving one equal share."

No other disposition was made of his real estate. He afterwards died seized of a good quantity of land, situate in the said county of Warren, and leaving five children and grandchildren, who were the children of his two deceased daughters, Lucy Shoemaker and Eliza Jones. One Robert L. Garrison was appointed the executor of the will, who duly proved and took upon himself its execution. John W. Egbert was one of the testator's children, who resided at Easton, in the state of Pennsylvania. After the death of his father he became indebted to the complainant in a considerable sum of money, and the complainant, in order to recover the same, caused a writ of attachment to be issued out of the circuit court of the county of Warren against the rights and credits, goods and chattels, moneys and effects, lands and tenements, of the said John, which had so descended to him from his father, and which, by the will, was ordered to be sold as aforesaid, and attached the same, and afterwards, to-wit, on the twenty-third of May, 1879, recovered a judgment in said court, by virtue of the said writ of attachment, in the sum of $972. One Jehiel G. Kerr was appointed by the court auditor in the attachment proceedings, who advertised and sold, in due form of law, the estate and interest of the said John W. Egbert in the lands ordered to be sold by the said testator, and the complainant became the purchaser of the same, to whom the auditor duly conveyed the title by deed dated October 2, 1879. More than five years after the death of the testator, and before the expiration of seven years, Robert L. Garrison, the executor, under the provisions of the will, sold at public sale the real estate of which the said Abraham died seized, and of which the complainant claims to be the owner of the one-seventh part, as purchaser under the attachment proceedings, and received therefor the sum of $7,500. The estate was duly settled in the orphans' court of the county of Warren, and all the debts of the testator were paid from the personalty, and the executor held the proceeds of the sale of the real estate to be distributed under the provisions of the will.

The bill further alleges that the said Robert L. Garrison, executor, made distribution of the proceeds of the sale of said real estate among the children and grandchildren of the said Abraham, except the sum of $1,071, the one-seventh part thereof, which he retained in his hands and refused to pay over to the complainant as the purchaser of John W. Egbert's share and interest, and that, still retaining the

possession and control of said money, he afterwards departed this life, to-wit, on the twenty-second of July, 1883, having first made his last will and testament, wherein he appointed the defendant, Augustus H. Delliker, his executor; and that the same was duly admitted to probate in the orphans' court of the county of Warren, the said Delliker taking upon himself the execution thereof, and receiving, as part of the estate of the said Robert, the share of the proceeds of the sale of the realty which the said Robert had refused to pay over to complainant.

The prayer of the bill is that the defendant be decreed to pay to the complainant the said sum of money due to him as aforesaid, and for other and further relief.

The view which I take of the case renders it unnecessary to consider *seriatim* the several reasons urged by the counsel for the defendant why the demurrer should be sustained. I regard it, in effect, as an application to a court of equity to compel the executor of an executor to perform a duty which the former executor neglected to execute, and to pay over to the complainant the share of the estate bequeathed to one of the children of the first testator, to which the complainant alleges he has succeeded by operation of law. Such a view makes John W. Egbert not only a proper but necessary party. No final decree ought to be entered which does not include him, and he cannot be included without being brought in. The defendant is clearly entitled to have every one made a party who sustains any relation to the estate, which may hereafter give him vexation and trouble, unless bound by the final decision of the present suit. The demurrer, therefore, must be sustained on this ground.

I express no opinion on any other ground. But, perhaps, it will not be improper to suggest that the bill of complaint should contain every allegation in regard to the proceedings in the attachment which it becomes necessary to prove on final hearing, and that the form of the bill may be improved by more definitely detailing the several steps taken in the case to bring the interest of the defendant in the estate of his father within the lien of the writ of attachment.